NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MICHELLE M. CHIONGSON (SBN 221740)
marisa.poulos@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>STOCKSTILL TRUCKING, INC., a Mississippi corporation,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

## **PARTIES AND JURISDICTION**

1. Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Stockstill Trucking, Inc., ("Stockstill" or "Defendant") is, and at all times relevant to this action was, a Mississippi corporation with its principal place of business in the County of Lamar, State of Mississippi.

3. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

4. Pursuant to the Equipment Financing Agreement described herein, Defendants agreed this agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **General. You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

5. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

6. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Stockstill is a citizen of the State of Mississippi; As such, Stockstill is not a citizen of Georgia or California, and there exists complete

1

Salisian

diversity of citizenship between Plaintiff and Defendant.  Finally, as alleged herein, the amount in controversy exceeds $75,000.

7.      Venue.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

8.      All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange.  The transactions at issue in this Action occurred in the State of California, County of Orange.

**FIRST CAUSE OF ACTION**

**(Breach of Equipment Financing Agreement)**

**(Against Stockstill)**

9.      Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10.      Prior to April 2024, Balboa is informed and believes that Stockstill initiated and engaged with Tom McLeod Software Corporation, located at 2550 Acton Road, Suite 104, Birmingham, AL 35243 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (the "Collateral") for its business.  The Equipment Vendor worked with Stockstill in the selection of the Collateral and in coordinating its delivery.

11.      Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Stockstill's electronic credit application to Balboa and other financial institutions.  Upon review, Stockstill concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Stockstill to finance the Collateral being supplied by the Equipment Vendor.

Salisian⎢⎢

COMPLAINT

12.    On or about April 5, 2024, Stockstill executed a certain written Equipment Financing Agreement No. 508274-000 (the "EFA"), under the terms of which Balboa loaned to Stockstill the sum of One Hundred Three Thousand Ninety-Four Dollars and Thirty-Four Cents ($103,094.34) in order to finance the Collateral for its business.  The EFA required Stockstill to make sixty (60) monthly payments of $2,102.73, payable on the 7th day of each month beginning June 7, 2024.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

13.    The last payment received by Balboa was credited toward the monthly payment due for March 7, 2026. Therefore, on or about April 7, 2026, Stockstill breached the EFA by failing to make the monthly payment due on that date. Stockstill's failure to make timely payments is a default under the terms of the EFA.

14.    In accordance with the EFA, and as a proximate result of Stockstill's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $79,903.74.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Stockstill.

15.    Pursuant to the "Default and Remedies" section on page 3 of the EFA, in the event of a default, Balboa may: ". . . (c) accelerate and declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us . . ." Balboa's calculation of the 3% discount is made pursuant to a present-value ("PV") accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure.  For example, a payment owed exactly one year from today would be discounted by the full 3%, whereas earlier payments would be discounted by less, and further payments would be discounted by more.  Based

3

COMPLAINT

Salisian<sub>LLP</sub>

upon this formula, Balboa calculated that the amount due totaled **$72,486.22** ("PV'D Rent").

16.   In addition to the PV'D Rent, Defendants owed the monthly payments for April 7, 2026 through May 7, 2026, inclusive, in the amount of $4,205.46, which had not been accelerated at the time of default as it was already due and payable.  Accordingly, the total amount owed by Defendants at the time of default was **$76,691.68**.

17.   Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Stockstill.

18.   As a proximate result of Stockstill's breach of the EFA, Balboa has been damaged in total sum of $76,691.68, plus prejudgment interest from April 7, 2026, until the entry of judgment herein.

19.   Further, under the terms of the EFA, Stockstill promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Stockstill.

20.   The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

//
//
//
//
//
//

4

Salisian<sub>LLP</sub>

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**On All Causes of Action:**

1.      The sum of $76,691.68;

2.      Prejudgment interest from April 7, 2026, to the date of entry of judgment;

3.      An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4.      Reasonable attorneys' fees and costs;

5.      Costs of suit as provided by law; and

6.      Such other and further relief that the Court considers proper.


DATED:   May 28, 2026                          SALISIAN LLP

                                             By: _____
                                                Neal S. Salisian
                                                Jared T. Densen
                                                Patty W. Chen

                                             Attorneys for Plaintiff
                                             AMERIS BANK d/b/a BALBOA CAPITAL

COMPLAINT